**CHANG HUANG ZHOU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–4525–ag.**

United States Court of Appeals, Second Circuit.

May 24, 2006.

Michael Brown, New York, New York, for Petitioner.

Eric F. Melgren, United States Attorney for the District of Kansas, Brent I. Anderson, Assistant United States Attorney, Wichita, Kansas, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Chang Huang Zhou, through counsel, petitions for review of the BIA decision affirming the decision of immigration judge ("IJ") Helen J. Sichel denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005); Yu Sheng Zhang v. U.S. Dep't of Justice, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ found Zhou not to be credible in part because a letter, purportedly written by his father, and clearly prepared for the purpose of supporting Zhou's applications for relief, failed to mention that when the authorities first came looking for Zhou because of his alleged involvement with Falun Gong, they pushed his father to the ground and detained his mother for a month. The IJ also found that the father's failure to mention in that same letter that the authorities continued to come to the parents' house looking for Zhou, rendered Zhou incredible. The IJ's findings are based on substantial evidence and undermine Zhou's claim that the authorities ever visited his parents in search of Zhou. Moreover, the IJ could reasonably discount Zhou's shifting explanation that his father did not mention the authorities' repeated visits because he had already told Zhou about them over the telephone, and that he probably forgot to write about them.

The IJ also found Zhou incredible because his asylum application and his correction to his asylum application failed to

mention that, during an incident when he was allegedly detained at school after refusing to sign a statement condemning Falun Gong, he was beaten over ten times with a police stick until he was in pain and "black and blue." Given that Zhou swore to the contents of both the asylum application—including it's seven-paragraph, detailed addendum—and the correction to the application, and considering that Zhou discussed in his asylum application the alleged incident where he was detained in school and "was not allowed to eat and drink until they at last forced [him] to sign on their written declaration," the IJ reasonably found that Zhou was not credible regarding this alleged incident. Further, the IJ reasonably found inadequate Zhou's explanations that he failed to mention the alleged beating in his asylum application because, "[p]robably at the time I did not remember," and failed to include it in the correction to the application—which he submitted at the merits hearing—because he "did not remember."

Because Zhou has been found to be incredible regarding his claim of persecution for practicing Falun Gong in China, he cannot demonstrate a well-founded fear of persecution based on that claim. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Moreover, since Zhou failed in his brief to this Court to raise his claim that he had a well-founded fear of persecution based on his purported practice of Falun Gong in the United States, that claim is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). The adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Since Zhou did not raise his CAT claim before the BIA, and he does not raise it here, his claim is both unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420

F.3d 82, 86 (2d Cir.2005); *Yueqing Zhang,* 426 F.3d at 542 n. 1, 546 n. 7.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).